# IN THE SUPREME COURT OF THE STATE OF NEVADA

GEORGE M. TIAFFAY,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 79176

FILED

SEP 18 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge.

Appellant George Tiaffay contends that the district court erred in denying his claims of ineffective assistance of counsel. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). We give deference to the district court's factual findings if supported by substantial evidence and not clearly erroneous but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

20-34469

First, appellant argues that past head injuries, hormone therapy, and prescription drug use caused increased aggression and possible psychosis, accordingly, trial counsel should have investigated and presented evidence about appellant's psychological condition as both a defense to the charges and as mitigation at sentencing. Appellant has not demonstrated deficient performance. At trial, the State alleged that appellant spent weeks planning the victim's murder with his alleged coconspirator who carried out the murder. Rather than concede appellant's culpability and present the psychological evidence, trial counsel concluded that the best defense would be to assert that the alleged coconspirator acted alone. Counsel perceived appellant's proposed mental illness defense was a means to explain his conduct to his family and friends and not a genuine trial strategy. Given the tenuous nature of the psychological evidence and the risks associated with acknowledging culpability, appellant has not overcome the presumption that counsel performed effectively. *See Strickland*, 466 U.S. at 689-90; *Doleman v. State*, 112 Nev. 843, 848, 921 P.2d 278, 280-81 (1996) (recognizing that strategic decision are "virtually unchallengeable absent extraordinary circumstances." (quotation marks omitted)). Further, appellant has not demonstrated prejudice. Appellant and his coconspirator plotted the murder while appellant worked, cared for his daughter, and fostered an amicable relationship with the victim to avoid any suspicion related to her death. Given the patience, subterfuge, and perseverance involved in this plot, appellant has not demonstrated a reasonable probability that he would not have been convicted or would have received a more lenient sentence if counsel introduced evidence about appellant's mental health. Therefore, the district court did not err in denying this claim.

Second, appellant argues that trial counsel should have objected to unrecorded bench conferences. Appellant does not specify the subject matter of the unrecorded bench conferences or explain their significance. *See Daniel v. State*, 119 Nev. 498, 508, 78 P.3d 890, 897 (2003) ("[A]n appellant must demonstrate that the subject matter of the missing portions of the record was so significant that the appellate court cannot meaningfully review an appellant's contentions of error and the prejudicial effect of any error."). Thus, he failed to support his claim with specific facts that, if true, would entitle him to relief. Therefore, the district court did not err in denying this claim. *See Hargrove v. State*, 100 Nev. 498, 502-03, 686 P.2d 222, 225 (1984).

Third, appellant argues that trial counsel should have objected to the reasonable doubt, implied malice, and equal and exact justice jury instructions. Appellant has not demonstrated deficient performance or prejudice. The district court gave the reasonable doubt instruction mandated by NRS 175.211, and counsel could not have successfully challenged the malice and equal and exact justice instructions in light of controlling case law. *See, e.g., Leonard v. State*, 117 Nev. 53, 78-79, 17 P.3d 397, 413 (2001) (holding that the "abandoned and malignant heart" language is essential and informs the jury of the distinction between express and implied malice); *Byford v. State*, 116 Nev. 215, 232, 995 P.2d 700, 712 (2000) (upholding the malice instruction where the jury is properly instructed on the presumption of innocence); *Leonard v. State*, 114 Nev. 1196, 1209, 969 P.2d 288, 296 (1998) (providing that where the jury has been instructed that the defendant is presumed innocent and that the State bears the burden of proving guilt beyond a reasonable doubt, the equal and exact justice instruction does not undermine the presumption of innocence

or lessen the burden of proof). Therefore, we conclude the district court did not err in denying this claim.

Finally, appellant argues that the cumulative effect of counsel's errors warrants reversal. Even assuming that multiple instances of deficient performance may be cumulated for purposes of showing prejudice, *see McConnell v. State*, 125 Nev. 243, 259 n.17, 212 P.3d 307, 318 n.17 (2009), appellant has not demonstrated any instances of deficient performance to cumulate.

Having considered appellant's contentions and concluded that they lack merit, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish

cc:   Hon. Michelle Leavitt, District Judge
      Law Office of Christopher R. Oram
      Attorney General/Carson City
      Clark County District Attorney
      Eighth District Court Clerk